```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X     For Online Publication Only
STANDARD FUSEE CORPORATION,
                                                                            ORDER
                                        Plaintiff,                          18-CV-2030 (JMA) (AYS)

                    -against-                                               FILED
                                                                            CLERK

ONE STEP SOURCING INC.,                                                     3/15/2019 3:07 pm

                                                                            U.S. DISTRICT COURT
                                        Defendant.                          EASTERN DISTRICT OF NEW YORK
                                                                            LONG ISLAND OFFICE
----------------------------------------------------------------------X
```

**AZRACK, United States District Judge:**

Before the Court is plaintiff's motion for default judgment against defendant One Step Sourcing Inc. to recover $246,711.80 for goods purchased by plaintiff from the defendant that were never delivered. For the reasons stated herein, plaintiff's motion is GRANTED and plaintiff is awarded a default judgment against the defendant in the amount of $246,711.80.

## I. DISCUSSION

### A. Defendant Defaulted

The defendant was properly served in the action, but has not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action.

### B. Liability

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, the allegations in the complaint are sufficient to establish defendant's liability under New York law.

### C. Damages

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The Court finds that plaintiff's submissions, including the purchase orders and letter included in Exhibits A-C to the complaint (ECF No. 1), as well the Declaration in Support of Motion for Default Judgment by Catherine A. Savio, Esq. (ECF No. 12.) establish the damages of $246,711.80 to a reasonable certainty.

## II. CONCLUSION

The Clerk of the Court is respectfully directed to enter judgment against the defendant as follows: Defendant One Step Sourcing Inc. is liable to plaintiff Standard Fusee Corporation for $246,711.80 in compensatory damages. Post-judgment interest is granted and shall be calculated pursuant to 28 U.S.C. § 1961 as of the date of this Default Judgment until the date of its satisfaction.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: March 15, 2019
Central Islip, New York

                                             /s/   (JMA)
                                             JOAN M. AZRACK
                                             UNITED STATES DISTRICT JUDGE